UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:20-CR-00156-02** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ROY LEE JONES JR (02)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### MEMORANDUM ORDER

Defendant, Roy Lee Jones, Jr. ("Defendant"), filed the instant Motion for Compassionate Release on October 10, 2025 [Doc. No. 403]. The United States of America ("the Government") opposes the Motion [Doc. No. 407]. Defendant states that his Motion is predicated on the death of his spouse "and the consequent need for him to assume sole care of his two minor children." After carefully considering Defendant's filings and applicable law, the Motion is **DENIED**.

### I. Background

Defendant was charged on July 22, 2020, on an Indictment for Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine and 500 Grams or More of a Mixture and Substance Containing Methamphetamine.[1] He and his co-defendant, Delewis Johnson, proceeded to a jury trial beginning November 8, 2021. At the conclusion of trial, Defendant was found guilty as charged.[2]

---

[1] [Doc. No. 1]. The Indictment included seven defendants in total. [Id.].
[2] [Doc. No. 233].

Pursuant to the Presentence Investigation Report, the United States Probation Officer calculated the quantity of drugs both distributed by and reasonably foreseeable to Defendant. Defendant was accountable for 21,010.09 kilograms of converted drug weight, resulting in a base offense level of 34. Further, Defendant had a three-level increase for his role as a manager/supervisor in the conspiracy, resulting in a total offense level of 37.[3] With a criminal history category of I, he had a sentencing guideline range of 210–262 months. The Court sentenced him on March 2, 2022, to 210 months imprisonment (notably, the lowest end of the guideline range).[4] Defendant was also sentenced to five years of supervised release and a $100 special assessment fee. Defendant appealed the Sentence.[5] The United States Court of Appeals for the Fifth Circuit affirmed the appeal.[6] Defendant has a projected release date of September 20, 2035, meaning that to date he has not served half of his sentence.

Defendant previously moved for a reduced sentence on October 4, 2024.[7] He stated that his wife was diagnosed with invasive, Stage III pancreatic cancer in January of 2024.[8] He informed the Court that his wife's cancer had progressed from Stage III to Stage IV and had reached the terminal stage.[9] She was at that time bedridden in the cancer ward at the hospital.[10] He averred that there were no people

---

[3] *See* [Doc. No. 275 ("Presentence Investigation Report")].
[4] [Doc. No. 229].
[5] [Doc. No. 305].
[6] [Doc. No. 327].
[7] [Doc. No. 353].
[8] [Id. at p. 10]
[9] [Id.].
[10] [Id. at p. 11].

available to help care for his minor children because his ailing wife's mother was elderly and required a walker to get around, and Defendant' mother and sister resided in California.[11] Defendant asserted that in addition to the physical support his family required, they also needed financial support.[12] He claimed that upon release, he had a job waiting for him.[13]

On November 13, 2024, the Court found that Defendant established extraordinary and compelling circumstances.[14] However, the Court ultimately denied the motion, noting that Defendant committed a serious offense, was accountable for 21,010.09 kilograms of converted drug weight, and had a manager/supervisor role in the conspiracy.[15] This Court also pointed out that Defendant had served less than 50% of his sentence.[16] The Court reasoned that to give him a sentence of less than half of 210 months would not reflect the seriousness of the offense, would not promote regard for the law, and would not afford adequate deterrence to criminal conduct.[17] As such, the Court found that the 18 U.S.C. § 3553 factors weighed against release.

## II.  Law and Analysis

"A defendant moving for compassionate release must establish both extraordinary and compelling circumstances *and* that the release is consistent with the § 3553(a) factors." *United States v. Santana-Cerano*, 2025 WL 817589, at *1 (5th Cir. Mar. 14, 2025).

---

[11] [Id.].
[12] [Id. at p. 13].
[13] [Id. at p.16].
[14] [Doc. No. 375]
[15] [Id. at p. 7].
[16] [Id.].
[17] [Id.].

Defendant previously established extraordinary and compelling circumstances after showing that his spouse was very ill and that there were only two persons available to care for the minor children, both of whom lived in California and would allegedly suffer hardships by caring for the children. Defendant's present circumstances are as extraordinary and compelling as they were before, given the death of his spouse.

The Court must now weigh the factors under 18 U.S.C. § 3553(a).

Section 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed –
> A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> B. to afford adequate deterrence to criminal conduct; [and]
> C. to protect the public from further crimes of the defendant[.]

18 U.S.C. § 3553(a).

The Court again notes that Defendant's offense was very serious: the Court held him accountable for 21,010.09 kilograms of converted drug weight, and Defendant played a manager/supervisor role in the conspiracy. This contributed to the Court sentencing him to 210 months imprisonment. Also, to date he has only served less than 50% of his sentence. Like the Court reasoned before, to give him a sentence of less than half of 210 months would not reflect the seriousness of the

offense, would not promote regard for the law, and would not afford adequate deterrence to criminal conduct. Accordingly, the Court finds that the 18 U.S.C. § 3553 factors weigh against release. Therefore, although the Court has compassion for Defendant, it cannot grant his request for compassionate release.

### III. Conclusion

For the reasons above,

**IT IS ORDERED** that Defendant Roy Lee Jones, Jr.'s Motion for Compassionate Release [Doc. No. 403] is **DENIED**.

MONROE, LOUISIANA, this 17th day of February 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE